# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3429

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff–Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Barry A. Boyce, | * | [UNPUBLISHED] |
| | * | |
| Defendant–Appellee. | * | |

_____

Submitted: June 23, 2005
Filed: July 5, 2005 (Corrected: 8/22/05)

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

The government appeals a sentence imposed after the Supreme Court's landmark decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), where the district court chose not to apply sentencing enhancements, but otherwise imposed a guideline sentence. The district court's sentencing decision came as a result of its understandable, yet erroneous, belief the Blakely opinion prevented it from finding the facts necessary to enhance Boyce's guideline imprisonment range. See 124 S. Ct. at 2537 (holding that "the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant"). Under the advisory regime articulated in

United States v. Booker, 125 S. Ct. 738, 756-69 (2005), which we apply to the present case, id. at 769, nothing prohibits a judge from this practice. Id. at 750. Although Boyce argues his sixty-three month sentence is nevertheless reasonable in view of the factors in 18 U.S.C. § 3553(a), an incorrect calculation of the guidelines precludes review for reasonableness. See United States v. Mashek, 406 F.3d 1012, 1014-15 (8th Cir. 2005) ("If the sentence was imposed as the result of an incorrect application of the guidelines, we will remand for resentencing as required by 18 U.S.C. § 3742(f)(1) without reaching the reasonableness of the resulting sentence in light of § 3553(a)"); United States v. Mathijssen, 406 F.3d 496, 498 (8th Cir. 2005) ([T]he district court must continue to determine "the appropriate guidelines sentencing range," as it did pre-Booker, before it considers the other factors in 18 U.S.C. § 3553(a)). We therefore vacate Boyce's sentence and remand to the district court for resentencing.

_____