# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1745

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　*　Eastern District of Missouri.
Barry A. Boyce,　　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　*

_____

Submitted:  September 25, 2007
Filed:  November 8, 2007

_____

Before BYE, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

　　　Barry A. Boyce pled guilty to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1).  Among his points on appeal, Boyce argues that the government failed to present enough evidence to support the district court's determination of his criminal history category.  We agree, so we vacate the sentence and remand for a new sentencing hearing.

　　　Boyce's first sentencing hearing was conducted on August 23, 2004, shortly after the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004).  Angling to take advantage of Blakely's potential implications, Boyce filed a document he captioned his "second supplemental objections" and "motion for leave to file

supplemental objections." In this document, Boyce objected to all of the paragraphs in the presentence investigation report ("PSR") regarding his criminal history and argued that, in light of Blakely, the court should impose the statutory minimum sentence of five years based on criminal history category I. Believing that Blakely "prevented it from finding the facts necessary to enhance Boyce's guideline imprisonment range," the district court determined that Boyce's offense level is 23 and that his criminal history category is II. United States v. Boyce, No. 04-3429, 137 Fed. Appx. 934 (8th Cir. Jul. 5, 2005). We reversed that decision, and remanded for a correct guidelines calculation and consideration of the 18 U.S.C. § 3553(a) factors. Id.

On August 2, 2006, the district court held a resentencing hearing. At the outset of the hearing, when the court suggested that the government proceed with testimony, Boyce's counsel expressed his desire to preserve his previously filed objections to the PSR. The government consented to preserving the objections and then called its witnesses. Of the four witnesses called, the only evidence of Boyce's criminal history was given by James Otis Baker, who mentioned that Boyce was released from a state prison sentence in 2002. No documentation of Boyce's criminal history was offered as an exhibit or appended to the PSR.

The arguments at the hearing focused on the proper interpretation of Blakely and United States v. Booker, 543 U.S. 220 (2005), and the credibility of the government's witnesses. Boyce's counsel also mentioned that the PSR had not been supplemented since the objections were made, and asked to renew the objections. At the close of defense counsel's arguments, the district judge announced, "I believe there is sufficient, if not ample, evidence to support the enhancements in the calculation of the presentencing report." The court then adopted the findings in the PSR, without addressing Boyce's criminal history objection. Based on offense level 39 and criminal history category III, the district court imposed a sentence of 324 months.

Although Boyce's criminal history objection to the PSR may have been "confusingly intermingled" with other objections based on <u>Blakely</u> and <u>Booker</u>, the objection was sufficient to put the government and the district court on notice that he was challenging the factual allegations in the PSR. <u>See</u> <u>United States v. Sorrells</u>, 432 F.3d 836, 838 (8th Cir. 2005). In the face of this objection, the United States failed to offer adequate evidence of Boyce's criminal history, and the district court failed to rule on Boyce's objection. Because of this error, we vacate the sentence and remand for a resentencing hearing. <u>See, e.g.</u>, <u>United States v. Jenners</u>, 473 F.3d 894, 898-99 (8th Cir. 2007); <u>United States v. Wintermute</u>, 443 F.3d 993, 1004-05 (8th Cir. 2006). On remand, the district court may hear any relevant evidence it could have heard at the first sentencing hearing, <u>see</u> <u>Jenners</u>, 473 F.3d at 899, and should follow the procedures mandated by 18 U.S.C. § 3553(c). <u>See</u> <u>Wintermute</u>, 443 F.3d at 1004-05; <u>see also</u> Fed. R. Crim. P. 32(i)(3)(B) (requiring the sentencing court to rule on disputed portions of the PSR or to specifically determine that a ruling is unnecessary).

For the reasons stated above, we vacate Boyce's sentence and remand for resentencing.

_____