# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3146

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff – Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Barry A. Boyce, | * | |
| | * | |
| | * | |
| Defendant – Appellant. | * | |

_____

Submitted: April 14, 2009
Filed:  May 4, 2009

_____

Before MURPHY, HANSEN, and BYE, Circuit Judges.

_____

MURPHY, Circuit Judge.

Barry Boyce was convicted of possession with intent to distribute five grams or more of cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(B), and sentenced to 262 months on August 25, 2008. Boyce appeals, arguing that the district court[1] erred at sentencing by relying on perjured testimony, giving excessive presumptive weight to the advisory guidelines, failing to consider all the sentencing factors in 18 U.S.C. §

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

3553(a), and imposing an unreasonable sentence. He also complains that the government presented perjured testimony and failed timely to disclose evidence relating to its witnesses. We affirm.

## I.

Boyce was arrested on February 1, 2004 while in possession of approximately 13.5 grams of crack cocaine and nearly $3500. He was charged with four counts of possession and distribution of cocaine base, and he pled guilty to one count of possession with intent to distribute five grams or more of cocaine base. He was originally sentenced in 2004, subsequent to the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). The district court interpreted that decision to prohibit it from finding facts beyond those admitted by Boyce in his plea agreement and sentenced him to 63 months. The government appealed, and we vacated and remanded after United States v. Booker, 543 U.S. 220 (2005), made it clear that a sentencing court could find facts in an advisory guideline system. United States v. Boyce, No. 04-3429, 2005 WL 1560261 (8th Cir. July 5, 2005) (per curiam). At his second sentencing in 2006 the district court found that Boyce was responsible for distributing more than 1.5 kilograms of cocaine base and imposed two level enhancements under U.S.S.G. § 2D1.1(b)(1) and § 3B1.1(c). Boyce was then sentenced to 324 months, and he appealed. We reversed after questioning the sufficiency of the evidence related to his criminal history. United States v. Boyce, 507 F.3d 1101, 1102 (8th Cir. 2007).

At his most recent sentencing hearing, the government presented evidence that Boyce had a prior conviction for assault and had committed the instant offense within two years of his release from state custody for that felony. The district court overruled Boyce's objections to the introduction of new evidence relevant to his criminal history and to the total offense level determined in 2006. His advisory guideline range was computed to be 262–327 months, and the district court sentenced him to 262 months.

Boyce appeals, arguing that the district court relied on unreliable testimony in determining his offense level and erred by considering evidence about his criminal history offered for the first time at his 2008 sentencing hearing. He contends the court gave inadequate consideration to the § 3553(a) factors and treated the sentencing guidelines as mandatory. Finally, he argues that the government violated its obligation to disclose exculpatory evidence and knowingly presented perjured testimony about his drug dealing at his 2006 sentencing hearing.

## II.

Boyce argues that there was insufficient evidence establishing his relevant conduct because the government witnesses were unreliable. The district court found that Boyce was responsible for over 1.5 kilograms of cocaine base, considerably more than the 13.55 grams he possessed at the time of his arrest. A district court makes findings about relevant conduct by a preponderance of the evidence, see United States v. Villareal-Amarillas, No. 07-3616, 2009 WL 939125 (8th Cir. Apr. 9, 2009), and we review for clear error. United States v. Vickers, 528 F.3d 1116, 1120 (8th Cir. 2008). The district court based its drug quantity findings on testimony given at the 2006 sentencing hearing. James Baker testified that he had purchased three ounces of cocaine from Boyce and that Boyce had confided to him that he had sold at least five kilograms of cocaine base each week in 2003. Rodney Townsend testified that on four occasions he had delivered approximately 15 ounces of cocaine to Boyce and that Boyce would convert all of the powder cocaine to crack cocaine and sell it.

Boyce argues that this testimony was unreliable because each witness had been promised a reduction in his own sentence in exchange for testifying. This does not make their testimony inherently unreliable, however. Cf. United States v. Maggard, 156 F.3d 843, 847 (8th Cir. 1998). Boyce contends that Baker was unreliable because he wrongly testified that he had no prior criminal convictions and that Boyce claimed to have sold a quantity of crack cocaine that would have made him extremely wealthy,

which he was not at the time of his arrest. Boyce argues that Rodney Townsend was regularly using marijuana when he testified and that Townsend claimed to have received drugs from Boyce during the time that Boyce was incarcerated.

The district court found, however, that there was "some credibility in the testimony of Baker and Townsend" with regard to drug quantity. The finder of fact may accept the parts of a witness's testimony that it finds credible while rejecting any portion it finds implausible or unreliable. See United States v. Hall, 999 F.2d 1298, 1300 (8th Cir. 1993). Findings about the credibility of witnesses are "virtually unreviewable on appeal." United States v. Gomez-Perez, 452 F.3d 739, 743 (8th Cir. 2006) (quoting United States v. Santana, 150 F.3d 860, 864 (1998)). We cannot conclude from this record that the district court erred in basing its finding about the quantity and type of drugs that Boyce sold on the testimony of these witnesses.

The district court also found that Boyce had possessed a dangerous weapon in connection with his offense. A § 2D1.1(b)(1) enhancement is appropriate if the government shows "that a weapon was present and that it is not clearly improbable that the weapon was connected with the criminal activity." United States v. Belitz, 141 F.3d 815, 817 (8th Cir. 1998); see also United States v. Burling, 420 F.3d 745, 750 (8th Cir. 2005) (constructive possession is sufficient). Boyce contends that there was no definitive testimony placing a firearm near him during a cocaine sale. Police seized a .45 caliber Glock handgun and over 100 rounds of ammunition from the house where Boyce was arrested on February 1, 2004. Randall Lewis testified that he saw Boyce with a Glock handgun around Christmas 2003, and Baker testified that he saw Boyce with a firearm during two separate drug sales. Baker also claimed that Boyce had told him about shooting Penny Coleman, another drug dealer. Townsend testified that he was present during the Coleman shooting and that Boyce had used an SKS rifle. The district court found that there was sufficient evidence that firearms were present and involved in Boyce's drug transactions to support a § 2D1.1(b)(1) enhancement. We conclude that the district court did not err in making this finding.

The district court applied a two level enhancement under § 3B1.1(c) for Boyce's role as a leader of criminal activity. Townsend testified that he belonged to a group that distributed cocaine for and protected Boyce. Although Baker was not a member, he corroborated Townsend's identifications of other members. The district court found that Baker and Townsend were knowledgeable and reliable witnesses regarding the drug trade in southeastern Missouri and that their testimony that Boyce was "at the center of a rather vibrant . . . crack cocaine ring" was "certainly credible." The record amply supports the district court's finding that Boyce was a leader of criminal activity, and the two level enhancement was not erroneous.

Boyce also argues that there was insufficient evidence to place him in criminal history category III because new evidence of his criminal history should not have been admitted at the 2008 hearing. However, our remand order specifically permitted the district court to consider new evidence related to Boyce's criminal history. Boyce, 507 F.3d at 1102.

## III.

Boyce claims that the district court committed procedural error by giving excessive presumptive weight to the guidelines and failing to consider all the § 3553(a) factors. He contends that the district court gave insufficient weight to his personal characteristics, failed to consider the Sentencing Commission's policy guidance regarding the crack and powder cocaine sentencing disparity, and did not consider disparities among similarly situated defendants. 18 U.S.C. § 3553(a)(1), (5), (6). Boyce objected on these grounds at the sentencing hearing so our review is for abuse of discretion. See Gall v. United States, 128 S. Ct. 586, 597 (2007).

At sentencing the district court read a letter from Boyce's aunt explaining his disadvantaged childhood and heard Boyce discuss his children and his post arrest rehabilitation. The district court also noted the seriousness of Boyce's conduct and

imposed a sentence at the low end of the guideline range, stating that such a sentence would address the sentencing objectives of just punishment, general deterrence, and incapacitation. See 18 U.S.C. § 3553(a)(2). The district court twice stated that it had considered the provisions of § 3553(a), and such references generally are sufficient to show "that the district court was aware of the entire contents of the relevant statute." United States v. Perkins, 526 F.3d 1107, 1111 (8th Cir. 2008) (quoting United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004)). Here, the district judge was very familiar with Boyce's history and characteristics. See United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005). Based on the entire sentencing record, we conclude that the district court adequately considered the § 3553(a) factors and did not give the advisory guidelines excessive weight.

Boyce argues that the district court did not consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), but he does not establish that other defendants were similarly situated in terms of conduct, criminal history, and acceptance of responsibility. Boyce also contends that the district court gave inadequate weight to the Sentencing Commission's policy statements regarding the 100:1 quantity ratio for crack and powder cocaine. Both Boyce and the government commented on the district court's discretion to consider this disparity, and we may presume the district court was aware of this policy guidance. The district court need not respond to every argument advanced by a defendant, and the extent of explanation required varies according to the circumstances of the case. See United States v. Lee, 553 F.3d 598, 600 (8th Cir. 2009). Less extensive explanation is necessary when a guideline sentence is imposed. Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456, 2469 (2007). We are satisfied that the district court considered Boyce's arguments and adequately stated the reasons for its judgment. See United States v. Sigala, 521 F.3d 849, 851 (8th Cir. 2008).

Finally, Boyce contends that his sentence is substantively unreasonable. We review the reasonableness of a sentence for abuse of discretion and treat a sentence within the guideline range as presumptively reasonable. United States v. Torres, 552 F.3d 743, 747–48 (8th Cir. 2009). Boyce's arguments for why he should receive a below guideline sentence are not compelling enough to overcome this presumption.

IV.

Boyce contends that the government failed to identify its witnesses prior to the 2006 sentencing hearing and did not disclose their conviction records and prior statements in violation of Brady v. Maryland, 373 U.S. 150 (1972). He also argues that the government knowingly presented false testimony and thereby deprived him of due process. See Napue v. Illinois, 360 U.S. 264, 269 (1959). Boyce originally raised these issues in an unsuccessful motion to vacate his 2006 sentence and then again in his second appeal, after which we vacated his sentence on other grounds.

The government presented no new evidence about Boyce's relevant conduct at the 2008 hearing, but by then Boyce had obtained the conviction records and prior statements of Baker, Townsend, and Lewis. Although he argued that all three were unreliable, he did not renew his claim that the government knew about their alleged perjury or argue that he had been prejudiced by the earlier withholding of evidence. We therefore review for plain error his current argument that his sentencing was not consistent with due process. Fed. R. Crim. P. 52(b).

Boyce cites no authority requiring the government to provide a defendant with its witness list prior to a sentencing hearing, only that the government's failure to do so violated his due process and confrontation rights. The mere identity of witnesses is not exculpatory and is not covered by Brady. See United States v. Aleman, 548 F.3d 1158, 1164 (8th Cir. 2008). Even if the confrontation clause applied at sentencing, see United States v. Wallace, 408 F.3d 1046, 1048 (8th Cir. 2005) (per curiam), Boyce was able to cross examine each of the government's witnesses.

Boyce also argues that the government violated Brady and its discovery obligations by not disclosing the criminal records of Baker, Townsend, and Lewis prior to the 2006 hearing. Boyce argues that these records would have been valuable for impeaching the witnesses, see Giglio v. United States, 405 U.S. 150, 154 (1972), particularly Baker, who stated on cross examination that he had no prior convictions. The government did not present the witnesses as law abiding citizens, but rather as participants in the local cocaine trade which significantly reduced the impeachment value of their conviction records. See United States v. Quintanilla, 25 F.3d 694, 699 (8th Cir. 1994). Boyce obtained the conviction records in time for the 2008 hearing and used those records to argue that the witnesses lacked credibility. Because the district court knew about the prior convictions when it imposed his 2008 sentence, Boyce was not prejudiced by the unavailability of this evidence during the 2006 hearing.

Boyce contends that the government failed to produce prior statements by Baker, Townsend, and Lewis that were subject to Criminal Rule 26.2 before the sentencing hearing. See Fed. R. Crim. P. 32(i)(2). The government produced the statements after their direct testimony as Rule 26.2 requires. Boyce argues that the government had promised to produce these statements at an earlier point, but that commitment pertained to a trial that did not occur because Boyce pled guilty. Although Boyce asserts that Brady required the statements to be disclosed earlier, he never explains how they were exculpatory. Boyce had the opportunity at the 2008 hearing to bring to the district court's attention any exculpatory content of these statements, so he cannot show a reasonable probability that any delay in disclosure affected his sentencing.

Boyce also argues that the government presented testimony it knew to be false. See Napue, 360 U.S. at 269. To prove a violation of due process, Boyce must establish that the prosecution used perjured testimony, knew or should have known of the perjury, and that there is a "reasonable likelihood that the perjured testimony

could have affected the [court's] judgment." United States v. Martin, 59 F.3d 767, 770 (8th Cir. 1995) (internal quotations omitted).

According to Boyce, Baker committed perjury by testifying that he had no prior convictions, that he had known Boyce before 2005, and that Boyce had claimed to have sold large quantities of drugs. Boyce only has direct proof that the first statement is false, but Baker did not mislead the court about his criminal record because he had readily admitted that he was awaiting sentencing. See United States v. Thomas, 93 F.3d 479, 489 (8th Cir. 1996) (perjury requires wilful intent to provide false testimony, rather than confusion or mistake). The district court was not misled about Baker's credibility in 2006, and any misunderstanding was resolved by the 2008 sentencing proceedings.

Boyce asserts that Lewis committed perjury when he stated that he purchased cocaine from Boyce nearly every day during 2003, which was inconsistent with his later testimony that he could only remember transactions during December 2003. This inconsistency was immediately apparent to the district court, which determined that Lewis's testimony was too confused to be relied upon for the drug quantity finding. This was therefore not the kind of undisclosed false statement that creates a due process concern. See United States v. Nelson, 970 F.2d 439, 443 (8th Cir. 1992) ("[M]ere inconsistency is not necessarily equated with perjury and every contradiction may not be material"). Boyce also notes that Lewis and Townsend claimed they had obtained drugs from him during a time when he was incarcerated; the government concedes that these statements were false. We cannot conclude that there is a reasonable likelihood that the false statements affected Boyce's sentence, however, because the court was informed of this discrepancy during the 2008 hearing. At the time of sentencing the district court was aware of the actual and alleged false statements by the witnesses. As a result, we need not speculate whether the court's knowledge of the false statements might have affected the judgment—we know that the sentence reflects the corrected facts. In sum, we conclude that Boyce's sentencing was not procedurally defective based on any alleged misconduct by the government.

V.

We conclude that the government did not violate any discovery obligations in respect to Boyce's sentencing or its duties under <u>Brady</u>, nor did it knowingly present false testimony. The district court did not clearly err in relying on testimony that it found credible in determining Boyce's relevant conduct, and it did not treat the sentencing guidelines as mandatory. Before imposing the sentence it considered the § 3553(a) factors and explained its reasons. In sum, the district court committed no procedural error and imposed a reasonable sentence. For these reasons we affirm the judgment.

_____