# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1977

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Matthew Antione Canady, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 19, 2009
Filed: October 27, 2009

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Matthew Canady appeals the 324-month sentence imposed following his guilty plea to conspiracy to distribute at least fifty grams of cocaine base. On appeal Canady takes issue with the district court's[1] finding at sentencing that Canady was responsible for more than 4.5 kilograms of cocaine base.

Several of Canady's co-conspirators testified at Canady's two-day sentencing hearing. On the first day, the court took testimony with regard to the contested factual

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

issues. Eight days later, the court heard arguments, Canady allocuted and the court pronounced Canady's sentence. In the interim, the district court entered an order with specific findings, resolving the contested factual issues. Relevant here, the district court found in this order that Canady was responsible for "well in excess of 4.5 kilograms of crack cocaine."

We have carefully examined the record and find the district court did not clearly err in making this factual finding. See United States v. Palega, 556 F.3d 709, 716 (8th Cir.) (reviewing drug quantity findings for clear error and reversing only when definitively and firmly convinced that a mistake has been made), cert. denied, 2009 W.L. 1981847 (U.S. Oct. 5, 2009); United States v. Boyce, 564 F.3d 911, 915-16 (8th Cir. 2009) (affirming district court's drug quantity finding which was based upon the testimony of self-interested co-conspirators). Nor were the district court's specific findings inadequate for our meaningful review. See United States v. Allmon, 500 F.3d 800, 804-05 (8th Cir. 2007). Accordingly, we affirm.

_____