# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1857

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Tung Thanh Nguyen, | * |
| also known as Tung Nguyen, | * |
| | * |
| Appellant. | * |

_____

No. 09-1858

_____

Appeals from the United States
District Court for the
District of Minnesota.

| | | |
|---|---|---|
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Christian Pham, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 8, 2010
Filed: April 6, 2010

_____

Before RILEY,[1] Chief Judge, JOHN R. GIBSON and MURPHY, Circuit Judges.

_____

PER CURIAM.

Tung Thanh Nguyen and Christian Pham each pled guilty to one count of conspiracy to manufacture 1,000 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. The district court[2] sentenced Nguyen to 120 months imprisonment and Pham to 37 months imprisonment. Nguyen and Pham appeal their sentences.

Nguyen claims the district court erred in finding he was a leader or organizer in the conspiracy, disqualifying Nguyen for safety valve relief under 18 U.S.C. § 3553(f)(4) and U.S.S.G. § 5C1.2, and thereafter in sentencing Nguyen "without regard for the safety valve provision in 18 U.S.C. § 3553(f)." "A defendant's offense level must be increased by four levels if the defendant was 'an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive.'" United States v. Garcia, 512 F.3d 1004, 1005 (8th Cir. 2008) (quoting U.S.S.G. § 3B1.1(a)). "The terms 'organizer' and 'leader' are interpreted broadly." Id. (citation omitted). "The Government has the burden of proving by a preponderance of the evidence that the aggravating role enhancement is warranted." United States v. Garcia-Hernandez, 530 F.3d 657, 665 (8th Cir. 2008). Courts determining a defendant's role in the offense should consider:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

[2]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1 cmt. n.4. "We review for clear error the district court's factual findings underlying the imposition of a sentencing enhancement based on [Nguyen's] role in the offense." United States v. Rosas, 486 F.3d 374, 376 (8th Cir. 2007) (citation omitted).

After five days of trial, Nguyen pled guilty to conspiring to manufacture marijuana. Throughout the trial, witnesses and co-conspirators testified regarding Nguyen's role as an "investor," establishing Nguyen (1) purchased the equipment needed for growing marijuana and set up grow houses for others to maintain; (2) recruited co-conspirators to live in grow houses; (3) taught one co-conspirator how to maintain a grow house; and (4) received a 30% share of the profits. During Nguyen's sentencing hearing, the district court adopted, without objection, the factual statements contained in Nguyen's presentence investigation report (PSR) which also support a finding Nguyen was a leader or organizer in the conspiracy. The district court did not clearly err in finding Nguyen was a leader or organizer, and therefore, Nguyen did not qualify for the safety valve reduction under 18 U.S.C. § 3553(f)(4).

Pham argues the district court erred in finding he was an average participant in the conspiracy. During sentencing, Pham did not object to the PSR's conclusion or the district court's finding that Pham was an average participant in the conspiracy, nor did Pham seek an adjustment under U.S.S.G. § 3B1.2 for being a minor or minimal participant in the offense.[3] We therefore review Pham's claim "for plain error

---

[3]Pham admits his counsel "agreed with the finding in the [PSR] that [Pham] was an 'average' participant," and claims this was ineffective assistance of counsel. "Claims of ineffective assistance of counsel, however, are usually best litigated in collateral proceedings." United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006); see also 28 U.S.C. § 2255. We therefore decline to address Pham's

resulting in a miscarriage of justice." United States v. Nichols, 151 F.3d 850, 854 (8th Cir. 1998). The stipulated facts set forth in Pham's plea agreement, the factual statements in the PSR, which were adopted by the district court, and the facts Pham conceded during sentencing and in his brief on appeal support the district court's finding Pham was an average participant in the conspiracy. The district court did not plainly err in sentencing Pham as an average participant.

Finally, Pham argues the district court inadequately considered the 18 U.S.C. § 3553(a) factors and created unwarranted sentencing disparities when the court gave lesser sentences to some of Pham's co-defendants who were also classified as average participants in the conspiracy. "On appeal, a district court's sentence is reviewed for abuse of discretion." United States v. Mosby, 543 F.3d 438, 440 (8th Cir. 2008) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). Upon a thorough review of the record, we find the district court adequately considered the § 3553(a) factors. See United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009) ("We do not require the district court to mechanically recite the § 3553(a) factors when, as here, it is clear from the record that the court properly considered those factors."). Pham received the lowest sentence given any of the non-cooperating defendants responsible for 1,000 or more marijuana plants. Likewise, the record does not support Pham's claim of sentencing disparity, as there is no evidence that his co-defendants "were similarly situated in terms of conduct, criminal history, and acceptance of responsibility." United States v. Boyce, 564 F.3d 911, 917 (8th Cir. 2009); see also United States v. Moore, 581 F.3d 681, 683 (8th Cir. 2009) (noting sentencing disparities which are based on legitimate distinctions between co-conspirators are not unreasonable); United States v. Watson, 480 F.3d 1175, 1178 (8th Cir. 2007) (same).

We affirm the district court's sentences for both Nguyen and Pham.

_____

_____

ineffective assistance of counsel claim. See Ramirez-Hernandez, 449 F.3d at 827.