# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3513

_____

United States of America,

          Appellee,

v.

Michael Lee Bevins,

          Appellant.

    \*
    \*
    \*
    \*  Appeal from the United States
    \*  District Court for the
    \*  Northern District of Iowa.
    \*
    \*  [UNPUBLISHED]
    \*

_____

Submitted: April 15, 2011
Filed: July 5, 2011

_____

Before WOLLMAN, GILMAN,[1] and MELLOY, Circuit Judges.

_____

PER CURIAM.

Michael Bevins was sentenced to 120 months' imprisonment and ten years' supervised release after he pleaded guilty to failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a). He argues that the district court[2] erred in applying

---

[1]The Honorable Ronald Lee Gilman, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

[2]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

an eight-level enhancement for committing a sex offense against a minor while unregistered.[3] We affirm.

Bevins was convicted of sexual abuse in a 1999 Iowa state-court proceeding. From January 2010 through March 2010, he knowingly failed to register and update his registration as required by the Sex Offender Registration and Notification Act, 42 U.S.C. §§ 16901-16991. On May 17, 2010, Bevins pleaded guilty to failing to register as a sex offender during that period.

A defendant's offense level must be increased by eight levels if the defendant, while in an unregistered status, committed a sex offense against a minor. U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2A3.5(b)(1)(C). At the sentencing hearing on the failure-to-register charge, the district court heard testimony regarding whether Bevins had committed a sex offense against a minor while unregistered. J., an eleven-year-old boy, testified that Bevins had assaulted him when he was ten years old. J. testified that while he was in the bathtub one day, his mother entered the bathroom and asked if Bevins could use the toilet. J. agreed, and Bevins entered the bathroom. According to J., Bevins pulled the shower curtain back, grabbed J.'s penis, and threatened to kill him and his mother if J. reported the incident to anyone. J.'s mother and Bevins testified that Bevins had entered the bathroom while J. was taking a bath, but Bevins denied touching or threatening J. The district court found J.'s testimony credible and applied the eight-level enhancement called for by § 2A3.5(b)(1)(C).

Bevins argues that the evidence was insufficient to support a finding that he committed a sex offense against J. Moreover, he contends that the district court

___

[3]Because Bevins failed to present any meaningful argument in support of two additional claims raised in his opening brief, he has waived appellate review of those claims. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) ("Since there was no meaningful argument on this claim in his opening brief, it is waived.").

clearly erred in crediting J.'s testimony that Bevins grabbed J.'s penis. We review the district court's factual findings for clear error, and its credibility determinations are "virtually unreviewable on appeal." See United States v. Garcia, 512 F.3d 1004, 1005-06 (8th Cir. 2008). J.'s testimony established that Bevins had committed a sex offense, in violation of Iowa Code § 709.3 or § 709.8, or both. See U.S.S.G. § 2A3.5(b)(1)(A) & app. n.1 (defining "sex offense" by 42 U.S.C. § 16911(5)); 42 U.S.C. § 16911(5)(A)(i)-(ii) (defining "sex offense" as "(i) a criminal offense that has an element involving a sexual act or sexual contact with another" and "(ii) a criminal offense that is a specified offense against a minor"); Iowa Code §§ 709.1, 709.3, 709.8.

Bevins has failed to convince us that the district court's finding that he had committed a sex offense was "internally inconsistent or based on testimony that is incoherent, implausible, or contradicted by objective evidence in the case," United States v. Jones, 254 F.3d 692, 695 (8th Cir. 2001). Although the district court found that J.'s testimony regarding whether Bevins lived with J. and his mother not credible, it explained that "you can understand J., who has been bounced around from house to house and really doesn't have a house to call his own, would be concerned about getting his mom in trouble and not being able to live with his mom." Sentencing Tr. 160:13-17. The district court's finding that some of J.'s testimony was credible, while other parts of it were not, was not internally inconsistent. See United States v. Boyce, 564 F.3d 911, 916 (8th Cir. 2009). J.'s testimony about what occurred in the bathroom was also not incoherent, implausible, or contradicted by objective evidence. Thus, the district court did not clearly err in crediting J.'s testimony or in finding that it was sufficient to support increasing Bevins's offense level pursuant to U.S.S.G. § 2A3.5(b)(1)(C).

The sentence is affirmed.

_____