# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2991

_____

United States of America

*Plaintiff - Appellee*

v.

Joseph Valerian Parshall

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 10, 2014
Filed: January 15, 2015
[Unpublished]

_____

Before MURPHY, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury convicted Joseph Parshall on two counts of aggravated sexual abuse of a child under 18 U.S.C. §§ 1151, 1153(a), 2241(c), and 2246(2)(B) and (C). The

district court[1] imposed the mandatory minimum sentence of 30 years in prison for each count pursuant to 18 U.S.C. § 2241(c). Parshall appeals, arguing that there is insufficient evidence to support his convictions, his sentence violates his Fifth and Eighth Amendment rights, and the jury did not find the victim's age beyond a reasonable doubt. We affirm both Parshall's conviction and sentence.

## I. *Background*

Parshall lived with his grandmother, Darlene Beaulieu ("Darlene"), in her house on the Red Lake Indian Reservation from approximately February to July 2011. During that time, Parshall often babysat and was otherwise alone with then-six-year-old A.B. at Darlene's house. A.B. was a daughter of Parshall's cousin Fawn Beaulieu ("Fawn") and a great-granddaughter of Darlene.

On July 27, 2011, A.B. overheard Fawn mention that Parshall would soon move out of Darlene's house. A.B. then told Fawn she was "glad" Parshall was leaving. A.B.'s statement surprised Fawn, who was unaware of any problems between A.B. and Parshall. Fawn then asked A.B. why she was glad; in response, A.B. stated for the first time that Parshall had touched her "private parts," a term which A.B. used to describe her breasts, vagina, and buttocks.

Fawn immediately notified the police and took A.B. to the Red Lake Hospital. After conducting a preliminary evaluation of A.B., the hospital staff referred A.B. to the Family Advocacy Center of Northern Minnesota (FACNM) for a sexual assault examination and forensic review.

The next day, July 28, 2011, FACNM Executive Director and Forensic Interviewer Aria Trudeau conducted a forensic review of A.B. During the review A.B.

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

stated that Parshall "went inside" both her vagina and buttocks with his "hand" and "tongue" on multiple occasions at Darlene's house. A.B. further stated that Parshall had instructed A.B. to keep his conduct a secret.

FACNM forensic nurse Brittany Burkel then performed a sexual assault examination of A.B. The examination revealed no physical injuries stemming from Parshall's alleged conduct; however, Burkel stated that her findings were not inconsistent with A.B.'s allegations of oral sex and digital penetration because of the nature of the tissue at issue.

On September 21, 2011, Parshall was indicted and charged with two counts of aggravated sexual abuse of a child less than 12 years old under 18 U.S.C. §§ 1151, 1153(a), 2241(c), and 2246(2)(B) and (C): one count for his alleged oral sex with A.B., and the other count for his alleged digital penetration of A.B. The indictment described the victim as "under the age of twelve years" in both counts.[2] Parshall pleaded not guilty.

A jury trial was held on February 6 and 7, 2012. The district court instructed the jury at least twice—once before trial started, and once at the end of trial—about the elements of the crimes with which Parshall was charged. The court made clear to the jury that "each" of the elements of the crimes, including that the victim "had not yet attained the age of twelve years," must be established "beyond a reasonable doubt."

Several witnesses testified at trial, including A.B., Fawn, Darlene, Trudeau, Burkel, and Parshall. A.B. testified that, while alone with Parshall at Darlene's house, Parshall penetrated her "front private" with both his fingers and tongue and penetrated her "back private" with his fingers. A.B.'s testimony was consistent with, among other things, Trudeau's testimony about A.B.'s statements during the forensic review, and

---

[2]A.B. was seven years old at the time of trial.

Fawn's testimony about A.B.'s statements on July 27, 2011. Parshall, however, denied A.B.'s allegations.

The jury found Parshall guilty on both counts. Parshall thereafter filed a motion for judgment of acquittal, which the court denied.

Parshall's sentencing hearing occurred on August 12, 2013. Parshall contended that the jury was never asked to find that A.B. was under 12 years old, and that a 30-year sentence imposed pursuant to 18 U.S.C. § 2241(c) would violate both his Fifth Amendment and Eighth Amendment rights. The court disagreed with Parshall's contentions and imposed concurrent sentences of 30 years for each count, followed by a ten-year term of supervised release.

## II. *Discussion*

On appeal, Parshall argues that (1) the government failed to prove his guilt beyond a reasonable doubt, (2) his sentence violated his Fifth Amendment rights, (3) his sentence violated his Eighth Amendment rights, and (4) the jury did not find beyond a reasonable doubt that A.B. was under 12 years old at the time of the alleged sexual abuse.

### A. *Sufficiency of the Evidence*

This court "'will affirm a conviction against claims of insufficient evidence unless the evidence, viewed in a light most favorable to the conviction, is such that no reasonable jury could have found guilt beyond a reasonable doubt.'" *United States v. DeCoteau*, 630 F.3d 1091, 1096 (8th Cir. 2011) (quoting *United States v. Rojas*, 520 F.3d 876, 881 (8th Cir. 2008)). We review a motion for judgment of acquittal de novo. *United States v. Espinosa*, 585 F.3d 418, 423 (8th Cir. 2009). To prove aggravated sexual abuse, the government needed to show that Parshall "(1) knowingly engaged in a sexual act with a person under the age of 12, (2) is an Indian, and (3) the offense occurred in Indian Country." *DeCoteau*, 630 F.3d at 1093 n.2 (citing 18 U.S.C. §§

1153, 2241(c)). The term "sexual act" is defined under 18 U.S.C. § 2246(2) to include oral sex and digital penetration.

Parshall bases his sufficiency argument on his contentions that there was "no physical evidence" and that A.B. had not complained about Parshall before July 27, 2011. Parshall testified and denied A.B.'s allegations at trial.

As a threshold matter, however, it was within the jury's province to evaluate the credibility of the witnesses' testimony. *See United States v. Frausto*, 616 F.3d 767, 772 (8th Cir. 2010) ("'The finder of fact may accept the parts of a witness's testimony that it finds credible while rejecting any portion it finds implausible or unreliable.'" (quoting *United States v. Boyce*, 564 F.3d 911, 916 (8th Cir. 2009))). Because the jury was entitled to find A.B.'s and other witnesses' testimony credible, it was correspondingly entitled to find Parshall's contradictory testimony not credible. *United States v. Ali*, 616 F.3d 745, 755 (8th Cir. 2010) ("The jury has the responsibility of resolving conflicts or contradictions in testimony . . . ."). "Such credibility findings are 'virtually unreviewable on appeal,'" *Frausto*, 616 F.3d at 772 (quoting *Boyce*, 564 F.3d at 916), and this court "resolve[s] credibility issues in favor of the verdict." *Id.* (citation omitted).

A.B. testified unequivocally at trial that Parshall went "[i]nside" her with "his fingers and his tongue" on multiple occasions while the two were alone at Darlene's house. Testimony from Fawn, Burkel, and Trudeau bolstered A.B.'s credibility. Their testimony showed that A.B.'s story remained consistent over time and that A.B. was thus not likely dissembling. Parshall points out the absence of physical evidence supporting A.B.'s story, but neither is there physical evidence that contradicts her accounts. Certainly, some other cases have stronger evidence, but that does not mean the evidence present here is necessarily insufficient. After evaluating the witnesses' testimony and weighing the available evidence, the jury chose to believe A.B.'s testimony and to disbelieve Parshall's denials. It committed no error in doing so;

indeed, "a victim's testimony alone is sufficient to persuade a reasonable jury of the defendant's guilt beyond a reasonable doubt." *United States v. Gabe*, 237 F.3d 954, 961 (8th Cir. 2001) (affirming a conviction for abusive sexual contact based on the testimony of the teenage victim).

## B. *Fifth Amendment*

Title 18 U.S.C. § 2241(c) provides that "[w]hoever . . . knowingly engages in a sexual act with another person who has not attained the age of 12 years . . . shall be fined under this title and imprisoned for not less than 30 years or for life." Consequently, because the jury found Parshall guilty of committing sexual acts with A.B., the district court imposed the mandatory minimum 30-year sentence. Parshall contends, however, that § 2241(c) violates the Fifth Amendment because it "disproportionately affects Native Americans living on reservations, and because this effect may have been intentional."

"[E]ven if a [facially] neutral law has a disproportionate adverse impact on a racial minority, it is unconstitutional *only if that effect can be traced to a discriminatory purpose*." *United States v. Clary*, 34 F.3d 709, 712 (8th Cir. 1994) (emphasis added) (citation omitted). Even assuming—without in any way deciding—that the law disproportionately impacts Native Americans, Parshall provides no meaningful evidence that Congress intended to discriminate against Native Americans when it passed 18 U.S.C. § 2241(c). He argues that Congress should have been aware of the law's likely disproportionate impact on Native Americans, which suggests, according to Parshall, "at least a possibility" of discriminatory intent. Such assertions fall short of establishing the Congressional intent necessary to show a violation of the Fifth Amendment. *See id.; United States v. DeMarce*, 564 F.3d 989, 1000 (8th Cir. 2009) (holding that a 30-year sentence imposed under 18 U.S.C. § 2241(c) did not violate a defendant-Native American's equal protection rights).

## C. *Eighth Amendment*

Parshall argues that his mandatory minimum sentence was grossly disproportionate to his offenses and therefore violated his Eighth Amendment rights. In support, Parshall argues, among other things, that he was a first-time offender, that he was abused as a child, that 18 U.S.C. § 2241(c) punishes child sex offenders more severely than certain second-degree murderers are punished under other laws, and that he committed the offenses during a difficult period in his life in which his fiancee had recently died of a drug overdose and Parshall himself was recovering from a serious drug addiction.

This court has held, however, that "'[a] sentence within statutory limits is generally not subject to review under the Eighth Amendment.'" *United States v. Rodriguez-Ramos*, 663 F.3d 356, 366 (8th Cir. 2011) (alteration in original) (quoting *United States v. Murphy*, 899 F.2d 714, 719 (8th Cir. 1990)); *see also United States v. Collins*, 340 F.3d 672, 679 (8th Cir. 2003) ("It is well settled that a sentence within the range provided by statute is generally not reviewable by an appellate court."). Indeed, "[t]his court has never held a sentence within the statutory range to violate the Eighth Amendment." *United States v. Vanhorn*, 740 F.3d 1166, 1170 (8th Cir. 2014) (citing *United States v. Neadeau*, 639 F.3d 453, 456 (8th Cir. 2011)). There is insufficient reason to deviate from that precedent in this case. Parshall's mandatory minimum sentence for repeated sexual abuse of a six-year-old child did not violate his Eighth Amendment rights.

## D. *A.B.'s Age*

The Supreme Court held in *Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013), that facts increasing a defendant's mandatory minimum sentence must be submitted to a jury and found beyond a reasonable doubt. Neither side disputes that A.B.'s age was a fact that increased the mandatory minimum sentence applicable to Parshall. *See* 18 U.S.C. § 2241(c) (applying to victims who have "not attained the age of 12 years"). Parshall contends, however, that because the verdict form referred to

sexual abuse of a "minor," the jury was therefore "not asked to find beyond a reasonable doubt that the alleged victim was under the age of twelve years old."

The verdict form asked whether Parshall was guilty "of the crime of aggravated sexual abuse of a minor, as charged in Count 1" and in "Count 2 of the indictment." The indictment, which the court specifically read to the jury, stated under each count that the victim was "a child under the age of twelve years." More importantly, the district court specifically instructed the jury at least twice, once before trial started, and once at the end of trial, about the elements of the crimes charged in the indictment—including that A.B. must be less than 12 years old. The court made clear to the jury in both instances that every element of the crimes must each be established "beyond a reasonable doubt." The jury is presumed to have followed these instructions. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)). Parshall presents no convincing evidence to rebut that presumption.

Moreover, Fawn, A.B., and A.B.'s grandmother all testified that A.B. was seven years old at the time of trial. Parshall does not dispute that A.B. was less than 12 years old at the time of the alleged abuse. Parshall also does not contend that the jury was unable to evaluate A.B.'s age while she testified in court. Thus, even assuming the verdict form's reference to "minor" was an error, it was harmless. *See Neder v. United States*, 527 U.S. 1, 8 (1999) ("The error at issue here—a jury instruction that omits an element of the offense—differs markedly from the constitutional violations we have found to defy harmless-error review.").

III. *Conclusion*

We affirm the judgment of the district court.

_____

-8-