# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-1727

———————

United States of America,

        Appellee,

v.

Juan Garcia, also known as Gallo,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Nebraska.
\*
\*
\*

———————

Submitted: December 12, 2007
Filed: January 11, 2008

———————

Before LOKEN, Chief Judge, WOLLMAN, and SHEPHERD, Circuit Judges.

———————

WOLLMAN, Circuit Judge.

Juan Garcia pleaded guilty to conspiracy to possess with intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. § 846. The district court[1] applied a four-level increase to Garcia's offense level by finding that he was an organizer or leader of a criminal activity that involved five or more participants. United States Sentencing Guidelines (U.S.S.G.) § 3B1.1(a). Garcia appeals his sentence, arguing that the district court erred by applying the four-level increase.

———————

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Garcia also argues that the district court abused its discretion under 18 U.S.C. § 3553(a) by imposing a sentence above the ten-year statutory minimum. We affirm.

A defendant's offense level must be increased by four levels if the defendant was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). The terms "organizer" and "leader" are interpreted broadly. United States v. Yah, 500 F.3d 698, 702 (8th Cir. 2007). To determine the defendant's role, the court should consider

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, cmt. n.4. We review a district court's factual findings regarding a defendant's role in a criminal activity for clear error. Yah, 500 F.3d at 702. We reverse the district court's findings only if we have a "definite and firm conviction that a mistake has been made." United States v. Harry, 960 F.2d 51, 53 (8th Cir. 1992).

Garcia argues that he was not an organizer or leader of the conspiracy, and that at most, he was a manager or supervisor of the conspiracy and would therefore be subject to only a three-level rather than a four-level enhancement. See U.S.S.G. § 3B1.1(b). We disagree. If a defendant assumed organizing or leadership functions, such as recruiting others to join the criminal activity, a four-level enhancement is justified. United States v. Willis, 433 F.3d 634, 636 (8th Cir. 2006); see also United States v. McMullen, 86 F.3d 135, 138 (8th Cir. 1996) (organizing or leading one participant in the criminal activity is enough to trigger a four-level enhancement). There is no dispute that five or more people were involved in the conspiracy. Additionally, the government presented testimony that, *inter alia*, Garcia recruited

others to join the conspiracy, he received drug orders from customers, and he directed others to package and deliver drugs. The district court found this testimony, describing Garcia as a leader in the conspiracy, to be credible. Credibility determinations such as this are "virtually unreviewable on appeal." See United States v. Behler, 14 F.3d 1264, 1273 (8th Cir. 1994). Although the district court might have reached a different conclusion, its choice between two permissible views of the evidence is not clearly erroneous, see United States v. Plancarte-Vazquez, 450 F.3d 848, 854 (8th Cir. 2006), and thus it did not err by enhancing Garcia's sentence under § 3B1.1(a).

Garcia also argues that the district court failed to consider the § 3553(a) factors. Garcia asserts that his sentence, while at the bottom of the applicable guidelines range, is excessive because it is above the statutory minimum sentence; his co-defendants received much shorter sentences; he has a relatively insignificant criminal history; he has three children; he maintained a meager lifestyle; and he is subject to deportation following his sentence. We disagree.

We review a district court's sentencing decisions, regardless of whether the sentence is inside or outside the guidelines range, under an abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). A sentence within the guidelines range is presumptively reasonable on appeal. Rita v. United States, 127 S. Ct. 2456, 2462 (2007). In imposing a sentence, "an abuse of discretion may occur when (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (internal quotation omitted).

We conclude that the district court adequately considered the § 3553(a) factors and that Garcia's sentence is reasonable. A district court does not abuse its discretion

by imposing a sentence within the applicable guidelines range merely because the statutory minimum sentence is lower than the guidelines range.  Furthermore, the fact that Garcia's co-defendants received sentences lower than his does not indicate that his sentence is disproportionate or unreasonable.  See United States v. Jones, 145 F.3d 959, 963 (8th Cir. 1998).  Garcia's co-defendants received downward departures by providing substantial assistance to the government, an option Garcia declined.  Garcia's remaining arguments regarding his personal history are without merit because the district court was aware of, and therefore considered these factors.  See United States v. Miles, 499 F.3d 906, 909 (8th Cir. 2007).  Accordingly, the district court did not abuse its discretion by sentencing Garcia within the guidelines range.

The judgment is affirmed.

_____