# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2033

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Robert Andre Clay | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 24, 2008
Filed: October 7, 2008

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Robert Andre Clay, Sr., pled guilty to one count of Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2), and one count of Possession of a Sawed-off Shotgun, 26 U.S.C. §§ 5841, 5845(a), 5861(d), 5871. Clay appeals the sentence of 240 months imprisonment, claiming abuse of discretion. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms.

The Guidelines sentencing range – initially 262 to 327 months – was preempted by the combined statutory maximum of 240 months in accordance with U.S.S.G. §

5G1.2(d). The district court[1] sentenced Clay to consecutive 120-month sentences, for a total sentence of 240 months. The court considered all the factors in 18 U.S.C. § 3553(a) and looked to the Guidelines range as "an important though not singularly controlling factor in determining a sentence that is sufficient, but not greater than necessary." The court concluded that the "Guideline sentencing system adequately addresses the circumstances of this defendant and that the sentencing range is reasonable."

This court reviews a district court's sentencing decisions for abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). A sentence within the Guidelines range is presumptively reasonable on appeal. *United States v. Garcia*, 512 F.3d 1004, 1006 (8th Cir. 2008) (citing *Rita v. United States*, 127 S.Ct. 2456, 2462 (2007)).

Clay contends that the district court failed to evaluate the sentencing factors independently of the Guidelines and therefore, the court's sentence is not entitled to the presumption of reasonableness allowed under *Rita*. On the contrary, the court properly considered the 18 U.S.C. § 3553(a) factors and adequately stated the reasons for its sentence:

> I have considered the nature and circumstances of this offense and the history and characteristics of the defendant. I have considered the seriousness of this offense . . . . These were truly chilling events and endangered two adults and one young child as I recall. The Court has considered the question of just punishment and the Court has to factor in here the pattern of horrible violence against Rhonda Clay committed by this defendant. The Court has considered the need for adequate deterrence for criminal conduct and does note the criminal history of Mr. Clay as recorded in the Presentence Report. The Court has considered

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

strongly in this case the need to protect the public from further crimes from this defendant.

Clay also asserts that the district court erred in imposing consecutive, rather than concurrent, sentences. Under U.S.S.G. § 5G1.2(d), which addresses sentencing on multiple counts of conviction, "a district court may run sentences from multiple counts consecutively, rather than concurrently, if the Guideline sentence exceeds the statutory maximum sentence for each count . . . ." *United States v. Saddler*, 538 F.3d 879, 892 (8th Cir. 2008) (internal quotation marks and citation omitted). The district court considered the need to protect the public from Clay, and its imposition of consecutive sentences is not an abuse of discretion.

A district court commits procedural error if it selects a sentence based on clearly erroneous facts. *Gall*, 128 S. Ct. at 597. First, Clay contends that the record does not reasonably support a conclusion that he committed a "pattern of horrible violence" against his wife. Because ample evidence supports this conclusion, the court did not clearly err. Next, Clay objects that his criminal history category "grossly exaggerates the seriousness" of his crimes. To the contrary, Clay has been convicted several times of domestic battery in addition to being convicted of assault, attempting to obstruct justice, violation of an order of protection, and several other offenses. The district court was not clearly erroneous in its consideration of Clay's criminal history.

The judgment of the district court is affirmed.

_____