# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2841

_____

United States of America,

        Plaintiff-Appellee,

v.

Andres Espinoza Lopez,

        Defendant-Appellant.

\*
\*
\*  Appeal from the United States
\*  District Court for the District
\*  of Minnesota.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: May 11, 2009
Filed: May 18, 2009

_____

Before LOKEN, Chief Judge, BYE, Circuit Judge, and MILLER,[1] District Judge.

_____

PER CURIAM.

Andres Espinoza Lopez appeals from the district court's[2] sentence of 168 months imprisonment and five years supervised release following his plea of guilty to conspiracy to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. We affirm.

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas, sitting by designation.

[2]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

# I

Following Lopez's plea of guilty to the instant offense, the government requested a four-level increase in Lopez's offense level under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 3B1.1(a). As relevant to this appeal, § 3B1.1 provides two possible enhancements for a defendant's role in criminal activity that "involved five or more participants or was otherwise extensive."[3] U.S.S.G. § 3B1.1(a) and (b). If a defendant was an "organizer or leader" of the criminal activity described in subsections (a) and (b), his or her offense level is increased by four. U.S.S.G. § 3B1.1(a). If a defendant was a "manger or supervisor (but not an organizer or leader)" of the criminal activity, his or her offense level is increased by three. In support of its request, the government attached transcripts of multiple wiretapped telephone calls between Lopez and other participants in the criminal activity.

Prior to sentencing, a Presentence Investigation Report ("PSR") was prepared, which also recommended application of the four-level enhancement under U.S.S.G. § 3B1.1(a). Lopez objected to the enhancement and requested an evidentiary hearing. At the evidentiary hearing, the government again provided transcripts of the previously identified wiretapped telephone calls. In addition, the court heard testimony from Drug Enforcement Administration Special Agent Lora Zimmer, one of two case agents involved in the investigation of the conspiracy. Finally, the court heard testimony from Lopez, who stated that two other individuals were the leader and manager, respectively, of the drug trafficking organization. After considering the evidence, the district court denied Lopez's objection to the PSR and imposed the four-

---

[3]U.S.S.G. § 3B1.1 also provides an enhancement for a defendant's role in criminal activity not covered by (a) or (b), i.e., criminal activity not involving five or more participants or that was not otherwise extensive. U.S.S.G. § 3B1.1(c). Because Lopez does not contest that the criminal activity involved five or more participants, § 3B1.1(c) is not relevant to the instant appeal.

level enhancement. This resulted in a Guidelines range of 168 to 210 months imprisonment, and the court sentenced Lopez to 168 months.

The district court supplemented its in-court ruling with a written Statement of Reasons for Imposing Sentence, in which it went into a lengthy discussion concerning the evidence as it related to application of the § 3B1.1(a) enhancement. The district court found that there were clearly five or more participants involved in the conspiracy, and that Lopez was a leader to, at a minimum, four of those individuals—Hernandez Lopez, Felix Loy Briseno, Oscar Salvador Silva, and Gregorio Sanchez Gonzalez. The court found that the defendant directed and controlled several participants in the trafficking of drugs, received the proceeds from the drug sales, orchestrated communications between other co-defendants to complete drug transactions, and provided instruction on how to courier methamphetamine and money to avoid detection by law enforcement. In particular, the court rejected Lopez's testimony pinpointing others as the leader of the conspiracy. The court found Lopez's testimony not credible; it concluded that while one of the individuals identified by Lopez was his source of supply, the supplier received his directions from Lopez, not *vice versa*.

Lopez now appeals, contending the district court erred by imposing an enhancement under § 3B1.1. Alternatively, Lopez argues if an enhancement was applicable, the district court should have imposed the three-level enhancement for being a manager or supervisor rather than the four-level enhancement for being an organizer or leader.

II

On appeal, we review Lopez's sentence for an abuse of discretion, first ensuring the district court committed no significant procedural error and then considering the substantive reasonableness of the sentence imposed. United States v. Mosby, 543

F.3d 438, 440 (8th Cir. 2008). Lopez contends the district court committed procedural error in calculating his Guidelines range by applying the four-level enhancement to his offense level under U.S.S.G. § 3B1.1(a). "We review for clear error the district court's factual findings underlying the imposition of a sentencing enhancement based on the defendant's role in the offense." United States v. Vasquez, 552 F.3d 734, 737 (8th Cir. 2009) (quoting United States v. Rosas, 486 F.3d 374, 376 (8th Cir. 2007)). We review issues of law surrounding application of the enhancement de novo. United States v. Bahena, 223 F.3d 797, 804 (8th Cir. 2000).

"The government has the burden of proving by a preponderance of the evidence that the aggravating role enhancement is warranted." Vasquez, 552 F.3d at 737 (quoting United States v. Garcia-Hernandez, 530 F.3d 657, 665 (8th Cir. 2008)). We have "broadly defined the terms 'organizer' and 'leader.'" Bahena, 223 F.3d at 804. In distinguishing between a leader or organizer and a manager or supervisor, we consider the following factors:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1 app. n.4. Notably, "decision-making authority is strong evidence that a defendant is an organizer or leader." United States v. Antillon-Castillo, 319 F.3d 1058, 1060 (8th Cir. 2003).

In this case, the district court found that Lopez exercised decision-making authority over several participants in the criminal enterprise. As evidenced by the wiretapped telephone calls, the defendant directed Hernandez Lopez on how to courier methamphetamine and money so as to avoid detection, and he provided Hernandez Lopez with instructions on what to do with the methamphetamine once it reached its

-4-

destination. Additionally, the court found that the defendant orchestrated communications between several participants to complete drug transactions, and he directed others on how and when to retrieve money owed to him. When the transactions were complete, Lopez directed others to return the money to him or to deposit the money in one of his bank accounts. Furthermore, Agent Zimmer testified that a confidential informant would make controlled buys from Sanchez Gonzales, and Gonzales would then provide the cash to Lopez. In other instances, Gonzales would instruct the informant to deposit purchase money in Lopez's bank accounts.

None of these factual findings are clearly erroneous, and they support the district court's determination that Lopez was an organizer or leader of the criminal activity. Lopez instructed others on how to courier methamphetamine to Minnesota, he gave directions on what to do with the methamphetamine when it arrived, and he made the decisions concerning who bought the drugs, for what price, how the transaction would occur, and the method of payment. Moreover, Briseno, Hernandez Lopez, and Silva all stated in their proffers that no one, other than the defendant, directed their drug trafficking activities. "Where, as here, one individual in a multidefendant enterprise makes the critical strategic and operational decisions on behalf of a group (unilaterally answering questions such as 'what? when? where? how? . . .') that individual exhibits precisely the sort of characteristics that are emblematic of an organizer or leader." United States v. Drapeau, 121 F.3d 344, 350 (8th Cir. 1997) (quoting United States v. Talladino, 38 F.3d 1255, 1261 (1st Cir. 1994)). In light of the evidence discussed above, we conclude the district court did not err in imposing the enhancement under U.S.S.G. § 3B1.1(a) for Lopez being a leader or organizer of the criminal enterprise.

III

Accordingly, we affirm.

_____