# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3241

_____

United States of America,

          Appellee,

v.

Jeannie Dmitruk, also known as
Jeannie Rotan, also known as
Jeannie Baxter,

          Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*   [UNPUBLISHED]
\*
\*
\*

_____

Submitted: October 15, 2009
Filed: October 20, 2009

_____

Before WOLLMAN, RILEY and SMITH, Circuit Judges.

_____

PER CURIAM.

Jeannie Dmitruk pleaded guilty to identity theft, in violation of 18 U.S.C. § 1028(a)(7). The district court[1] determined that Dmitruk's advisory Guidelines range was 15 to 21 months and denied Dmitruk's request for a downward departure on the basis of her medical problems. The district court sentenced Dmitruk to 20 months in prison. On appeal, Dmitruk argues that her guilty plea was involuntary, because she

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

was under the influence of methadone during the plea hearing; the district court failed to investigate her ability to understand the plea proceedings adequately; and the district court failed to consider her request for a sentence variance on the basis of her and her family's extensive medical problems. The government moved to dismiss Dmitruk's appeal as waived by the plea agreement. We consolidated this motion with Dmitruk's appeal. We deny the government's motion and affirm the district court's judgment.

The argument that a guilty plea was not knowing, intelligent, and voluntary is not cognizable on appeal unless it was raised in the district court. United States v. Villareal-Amarillas, 454 F.3d 925, 932 (8th Cir. 2006); see also United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990). Dmitruk did not challenge her guilty plea's validity or attempt to withdraw her plea in the district court. Thus, she cannot challenge the validity of her plea on appeal.

Dmitruk's argument that the district court failed to consider her variance request is without merit. Dmitruk's brief does not make the precise basis of her argument clear. Dmitruk may have intended to argue that the district court committed procedural error under Gall by failing to consider her health-based arguments as part of its inquiry into one of the 18 U.S.C. § 3553(a) factors (e.g., 18 U.S.C. § 3553(a)(2)(D)). See Gall v. United States, 128 S.Ct. 586, 597 (2007). Perhaps Dmitruk intended to argue that the district court abused its discretion by imposing a sentence without "consider[ing] a relevant factor that should have received significant weight." See United States v. Haack, 403 F.3d 997 (8th Cir.), cert. denied, 546 U.S. 913 (2005).

In any case, the record refutes Dmitruk's argument. The district court heard testimony on the subject of Dmitruk's medical problems and her unfortunate family situation from Dmitruk herself, Dmitruk's friends and neighbors, and a licensed medical professional. Furthermore, the district court found that Dmitruk's problems

were "regrettable," but determined that Dmitruk's "mental health situation . . . [did not] justify a departure from the Guidelines." (Sent. Tr. 65.) The district court allowed Dmitruk to surrender herself into custody, rather than ordering that she be taken into custody at sentencing, because of her medical problems. Having carefully considered Dmitruk's argument,[2] the district court did not commit procedural error or abuse its discretion when imposing Dmitruk's sentence. It does not appear that Dmitruk challenges the substantive reasonableness of her sentence. Nor, given the presumption of reasonableness we afford within-guidelines sentences, would such an argument prevail. See United States v. Garcia, 512 F.3d 1004 (8th Cir. 2008). Since we reject Dmitruk's argument on the merits, we need not reach the question of whether it was waived in the plea agreement.

The judgment is affirmed.

_____

---

[2]Dmitruk discussed both departures and variances at sentencing, but ultimately requested a variance. Although the district court used the term "departure" in its finding, we conclude that the district court considered and rejected both a departure and a variance.