# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3743

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Bryce Ulysses Larue, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 13, 2010
Filed: May 19, 2010

_____

Before RILEY, Chief Judge, COLLOTON and BENTON, Circuit Judges.

_____

PER CURIAM.

Bryce Ulysses Larue pled guilty to (1) conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846; and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). During Larue's sentencing hearing, the district court[1] found Larue had obstructed justice and increased Larue's base offense level by two levels, pursuant to United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 3C1.1. The district court then found, based upon Larue's total offense level of 26 and criminal history

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

category of I, that Larue's advisory Guidelines range for the conspiracy offense was 63 to 78 months of imprisonment, with a mandatory 60 month consecutive sentence for the firearms offense. The district court sentenced Larue to 70 months imprisonment, to run consecutively to the mandatory 60 month sentence, followed by four years of supervised release. Larue appeals his sentence, claiming (1) the district court erred in imposing a two-level enhancement for obstruction of justice, and (2) the 70 month sentence is unreasonable.

We review the district court's factual finding that Larue's conduct amounted to obstruction of justice for clear error. See United States v. Boesen, 541 F.3d 838, 851 (8th Cir. 2008). We review the district court's construction of the advisory Guidelines de novo. See id. "U.S.S.G. § 3C1.1 requires the district court to impose a two-level sentence enhancement when it determines that a defendant has obstructed justice." Id. Examples of conduct which would support a finding of obstruction of justice include "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." U.S.S.G. § 3C1.1 cmt. n.4(a). The district court based its finding that Larue obstructed justice upon evidence in the record that Larue made a telephone call to one of his customers, Joe Lobdell, and stated, "anyone who had anything to do with me should get out of town." Larue named two specific individuals whom Lobdell should tell needed to leave town, and then stated, "anyone who's [F-ing] with me needs to get out of town." Larue does not deny he made these statements, but claims they were not necessarily threats, but were mere warnings to others to avoid arrest. We find the district court did not clearly err in rejecting Larue's disingenuous interpretation, see United States v. Byas, 581 F.3d 723, 725 (8th Cir. 2009) ("A district court's 'choice between two permissible views of the evidence is not clearly erroneous.'" (quoting United States v. Garcia, 512 F.3d 1004, 1006 (8th Cir. 2008))), nor in finding Larue obstructed justice.

Larue also argues that his 70 month sentence for conspiracy to distribute cocaine is substantively unreasonable and greater than necessary to accomplish the sentencing objectives set forth in 18 U.S.C. § 3553(a). "'We review a challenge to the reasonableness of a sentence for abuse of discretion.'" United States v. Price, 542 F.3d 617, 622 (8th Cir. 2008) (quoting United States v. Starr, 533 F.3d 985, 1003 (8th Cir. 2008)). Because Larue's sentence was within his advisory Guidelines range, we accord it a presumption of reasonableness. See id. The only argument Larue presents to rebut this presumption is "his lack of criminal history and his physical disability relating to his back . . . could have formed the basis for a downward variance." During Larue's sentencing hearing, the district court considered Larue's "relatively old" criminal history, and Larue's health condition. The district court found these factors were not sufficiently compelling to warrant a downward variance. The district court emphasized the seriousness of the offenses—Larue was responsible for nearly two kilos of cocaine, and as many as thirteen firearms were recovered in the course of the investigation. The court also recognized the need for deterrence, and avoiding unwarranted sentencing disparities "among defendants with similar records who have been found guilty of similar conduct." After considering all of the 18 U.S.C. § 3553(a) factors, the district court concluded "a sentence at the middle of the [Guidelines] range is sufficient, but not greater than necessary to address the essential sentencing considerations." The district court did not abuse its discretion by declining to grant Larue a downward variance. See, e.g., United States v. Statman, ___ F.3d ___, ___, Nos. 09-1452, 09-1767, 2010 WL 1753347, at *3 (8th Cir. May 4, 2010) (finding the sentence was not substantively unreasonable where the district court adequately considered defendant's poor health and all of the § 3553(a) factors).

We affirm the district court's sentence.

_____