# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2584

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| John White, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 14, 2011
Filed: February 28, 2011

_____

Before RILEY, Chief Judge, WOLLMAN and BYE, Circuit Judges.

_____

PER CURIAM.

John White pleaded guilty to possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). The district court[1] sentenced White to sixty-three months of imprisonment, followed by three years of supervised release. After completing his term of imprisonment, White violated multiple conditions of supervised release, which resulted in a modification of conditions by the district court. Subsequent to his fourth violation of supervised release, the district court sentenced White to ten months of incarceration, followed by two months of

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

supervised release. White appeals, contending the ten-month term of incarceration is greater than necessary to accomplish the goals of sentencing and supervision, and is therefore unreasonable. We affirm.

White is a paranoid schizophrenic who struggles with borderline intellectual functioning and alcoholism. The instant violation occurred after he began to feel paranoid while residing at a halfway house. Believing that other residents were tampering with his food and wishing him harm, White left the halfway house without permission. He was eventually found drunk in an individual's back yard and arrested. At the revocation hearing, White admitted to violating conditions of his supervised release. Sympathetic to White's condition, the district court engaged in a lengthy discussion with White about how to best address his mental health issues and the danger he posed to himself and the community. The court concluded there had to be a consequence for White's conduct, and it sentenced him to ten months' imprisonment, followed by two months' supervised release in order to allow White to properly transition back into the community.

White contends the district court abused its discretion by imposing an unreasonable sentence of ten months' incarceration. He argues the court gave insufficient weight to the role his mental health played in his violation because he absconded due to his paranoid and delusional beliefs that other residents intended to harm him. Moreover, White asserts the court overvalued the need to sanction him in the offense, in that a lesser sentence could have provided an equally meaningful consequence without being greater than necessary.

"'We review a challenge to the reasonableness of a sentence for abuse of discretion.'" United States v. Price, 542 F.3d 617, 622 (8th Cir. 2008) (quoting United States v. Starr, 533 F.3d 985, 1003 (8th Cir. 2008)). "'A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper

factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors.'" United States v. Asalati, 615 F.3d 1001, 1006 (8th Cir. 2010) (quoting United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009)).

We conclude the district court's revocation sentence is not unreasonable. First, the court sentenced White within the advisory Guidelines range of 8-14 months. See United States v. Bauer, 626 F.3d 1004, 1010 (8th Cir. 2010) ("Where, as here, the sentence imposed is within the advisory guideline range, we accord it a presumption of reasonableness."). The court thoroughly considered the relevant factors under 18 U.S.C. § 3553(a) in reaching its sentencing determination, including White's history and characteristics and the nature and circumstances of the offense. The court also considered the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment and adequate deterrence, protect the public, and provide White with the most appropriate correctional setting. Contrary to White's argument, the court, which had long-standing familiarity with White, was sensitive to his mental health issues, going so far as to continue the revocation hearing for two weeks to explore White's current mental condition and any correctional placement options that might best suit his needs. Under these circumstances, we cannot say the court abused its discretion in sentencing White to ten months' imprisonment. See United States v. Larue, 376 Fed. Appx. 645, 647 (8th Cir. 2010) (unpublished per curiam) (holding a within-Guidelines sentence was not substantively unreasonable where the district court considered the defendant's criminal history and health condition in light of the § 3553(a) factors).

We affirm the district court's sentence.

_____