# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1112

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| Anthony D. Kiefer, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: June 1, 2011
Filed: June 7, 2011

_____

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

After Anthony D. Kiefer pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a), the district court[1] sentenced him to 78 months in prison. On appeal, his counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), questioning whether the district court properly applied a firearm enhancement under U.S.S.G. § 2B3.1(b)(2)(C), and whether the sentence was reasonable. Kiefer has moved for appointment of new counsel on appeal.

---

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

Evidence submitted at the sentencing hearing shows that Kiefer fled the bank in a car and--after a brief chase--was apprehended by the police, who discovered a firearm next to the stolen currency in his car. Thus, we conclude that the district court properly applied the firearm enhancement, see United States v. Daniels, 625 F.3d 529, 534 (8th Cir. 2010) (standard of review), cert. denied, 131 S. Ct. 1706 (2011), because Kiefer possessed the gun while fleeing the scene of his crime, see U.S.S.G. § 1B1.3(a)(1)(A) (relevant conduct under Guidelines includes all of defendant's acts or omissions that occurred "in the course of attempting to avoid detection or responsibility for" offense of conviction); § 2B3.1(b)(2)(C) (5-level increase applies if firearm was brandished or possessed). We also conclude that the district court did not abuse its discretion by imposing a sentence within the advisory Guidelines range. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review); United States v. Garcia, 512 F.3d 1004, 1006 (8th Cir. 2008) (sentence within Guidelines range is presumptively reasonable on appeal).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, counsel's motion to withdraw is granted, Kiefer's motion for new counsel is denied, and the judgment is affirmed.

_____