# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3301

_____

United States of America

*Plaintiff - Appellee*

v.

Albert Allen, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 11, 2016
Filed: April 20, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, WOLLMAN and MURPHY, Circuit Judges.

_____

PER CURIAM.

Albert Allen, Jr. pled guilty to conspiring to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 and was sentenced to 262 months imprisonment. In this direct appeal, Allen challenges only

the four-level aggravating-role enhancement the district court[1] applied at sentencing upon finding Allen was an organizer or leader in the charged conspiracy. See U.S.S.G. § 3B1.1(a) (requiring a four-level increase "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive").

"We review *de novo* the district court's application of the guidelines and review for clear error its underlying findings of fact." United States v. Scott, 448 F.3d 1040, 1043 (8th Cir. 2006). "We interpret the terms 'organizer' and 'leader' broadly." United States v. Adetiloye, 716 F.3d 1030, 1037 (8th Cir. 2013). In evaluating whether the district court properly found Allen was an organizer or leader under § 3B1.1(a), we consider factors such as

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, cmt. n.4.

Having carefully reviewed the sentencing record, we conclude the district court did not err in applying the § 3B1.1(a) aggravating-role enhancement in imposing Allen's sentence. Allen concedes the conspiracy involved at least five participants. And the stipulated facts in Allen's plea agreement, the uncontested parts of the presentence investigation report, and the sentencing transcript amply support the district court's determination that Allen took a leadership role in the conspiracy "by

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

arranging with people to middle[2] [drug] transactions for him, deliver drugs for him, and transport him into Chicago to buy drugs in return for payment . . . by drugs." See, e.g., United States v. Razo-Guerra, 534 F.3d 970, 976-77 (8th Cir. 2008) (upholding a four-level aggravating-role enhancement under § 3B1.1(a) where the defendant supplied dealer quantities of drugs, directed drug deliveries, and recruited others to deliver and transport drugs); United States v. Garcia, 512 F.3d 1004, 1005-06 (8th Cir. 2008) (concluding a four-level aggravating-role enhancement under § 3B1.1(a) was appropriate where the defendant "recruited others to join the conspiracy, . . . received drug orders from customers, and . . . directed others to package and deliver drugs").

Allen's unsupported contention that the district court must expressly discuss every factor listed in the application notes to § 3B1.1 is without merit. Cf., e.g., United States v. Thunder, 553 F.3d 605, 608 (8th Cir. 2009) (noting a sentencing court need not mechanically recite every sentencing factor and thoroughly discuss its relative importance in each case as long as the record indicates the court considered the relevant factors).

For the foregoing reasons, we affirm.

_____

_____

[2]According to Allen's plea agreement, "middling" a drug transaction "means [a coconspirator] would obtain crack from [Allen] and immediately deliver it to others for [Allen]."