# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2916
_____

United States of America

*Plaintiff - Appellee*

v.

Amelia Marie Spiotto

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: September 24, 2018
Filed: December 27, 2018
[Unpublished]

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Amelia Marie Spiotto pled guilty to two counts of producing child pornography in violation of 18 U.S.C. § 2251(a) and (e). The district court[1] sentenced her to 360

_____

[1]The Honorable P. K. Holmes, III, United States District Judge for the Western District of Arkansas.

months on each count, to be served consecutively. Spiotto appeals, asserting the district court abused its discretion and imposed a substantively unreasonable sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Spiotto's victims are two infants—three and 11 months old. The three-month-old, Spiotto arranged to watch for an hour. Spiotto performed oral sex on the baby and videotaped it. A few days later, her co-defendant made arrangements with the mother of the 11-month old to leave her with Spiotto for 30 minutes, which gave her the opportunity to record another assault. Spiotto used a thermometer to penetrate the infant vaginally and anally, and fondled the infant's genitals—all videotaped as the infant struggled to get away. She then left the infant girl with her co-defendant so he could rape her while Spiotto took her mother shopping. In her recordings, Spiotto declares how much she enjoyed sexually assaulting the infants.

Three forensic psychologists diagnosed Spiotto with borderline personality disorder. Two of the examinations were performed by Federal Bureau of Prisons psychologists who determined she was competent to assist in her defense and to stand trial, and that she understood the nature, quality and consequences of her acts at the time of the offense. The third psychologist, Dr. Benjamin Silber, testified at the sentencing hearing. He stated that Spiotto fits the profile of female sex offenders: socially isolated, economically disadvantaged, younger, less educated, with depression, anxiety, substance abuse problems, and poor coping skills. She also had an accomplice—her co-defendant—with whom she was in an intimate relationship, preserved by their involvement in sex abuse. Dr. Silber testified that Spiotto was fully aware that her acts were wrong, and that borderline personality disorder does not diminish culpability for criminal acts.

The court considered the 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to impose a sentence that reflects the seriousness of the offense, provides just

punishment and a deterrent, and avoids unwarranted disparities in sentencing for similar offenses.  The court then stated:

> When you look at the nature and the circumstances of the offense here, there is no question in my mind, from reviewing the evidence that the government has presented, primarily the factual basis for the change of plea and also in the Pre-sentence Investigation Report, that Miss Spiotto had the requisite mental intent to knowingly, wilfully commit serious criminal offenses, not only the offenses to which she was convicted of, but other offenses of assault, battery, rape. What makes this – these offenses particularly egregious in regard to the nature and the circumstances of the offense is that other individuals who she knew, who she betrayed, entrusted their children to her. The victim who spoke here today provided a Victim Impact Statement that is in the Pre-sentence Investigation Report. The victimization here is beyond what occurs in a normal case. Now, the actual victims of the offense, we have a 3-month old and 11-month old that were the actual victims of the offense, but the victimization of their families, the impact it's had on their lives is pervasive and far-reaching. And the Court believes that in the number of child pornography cases that it has seen, that the nature and circumstances of this offense are one which, other than her co-defendant, I've never seen before where not only are minors victimized and used to produce child pornography, but the planning involved to commit these crimes, the way these crimes were carried out shows that she had the requisite mental intent to knowingly, wilfully, and intentionally carry out these criminal offenses. So the Court believes a sentence according to the Sentencing Guidelines is the appropriate sentence in this case.

Spiotto claims the sentence imposed by the district court is more severe than reasonable under the circumstances.  She argues the district court failed to give significant weight to her mental condition.  To the contrary, the court weighed the testimony about Spiotto's borderline personality disorder and her profile, and determined a variance was not warranted because they are not unique to her situation, but are characteristics found in many criminal cases.

This court reviews the substantive reasonableness of a sentence for abuse of discretion. *United States v. Waters*, 883 F.3d 1022, 1028 (8th Cir. 2018). The district court "abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The district judge must consider the § 3553(a) factors to determine the appropriate sentence, but does not need to mechanically recite the factors in the record. *Id.* "A sentence within the guidelines range is presumptively reasonable on appeal." *United States v. Garcia*, 512 F.3d 1004, 1006 (8th Cir. 2008), *citing Rita v. United States*, 551 U.S. 338, 347 (2007).

Spiotto's offense level of 52 exceeds the guidelines' level of 43, resulting in a sentencing range over the statutory maximum. The district court properly adjusted it to 720 months, the statutory maximum. The court reasoned that the seriousness of Spiotto's crimes justified a sentence at the statutory maximum, effectively a life sentence. *See United States v. Davenport,___F.3d___*, 2018 WL 6579178, *4 (8th Cir. Dec. 14, 2018) (affirming sentence of 840 months where defendant sexually abused his daughter and shared explicit images he took of her); *United States v. Demeyer*, 665 F.3d 1374, 1374–75 (8th Cir. 2012) (affirming a sentence for 1,440 months where the defendant photographed and shared explicit images of his daughter); *United States v. Betcher*, 534 F.3d 820, 823, 827–28 (8th Cir. 2008) (upholding a 9,000-month sentence where the defendant photographed and shared explicit images of his granddaughters). The sentence was substantively reasonable.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____