# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1672

_____

United States of America

*Plaintiff - Appellee*

v.

Zachary Troy Fennell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: February 15, 2019
Filed: July 3, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, BENTON and STRAS, Circuit Judges.

_____

PER CURIAM.

Zachary Troy Fennell pleaded guilty to conspiracy to distribute methamphetamine, possession with intent to distribute methamphetamine, and being a felon in possession of a firearm. Fennell received methamphetamine from coconspirators through the mail at multiple addresses and then redistributed the drugs throughout the Columbia, Missouri area. Police arrested Fennell and his associates

following the controlled delivery of a drug-filled package to a residence shared by Fennell and his girlfriend.

Fennell's presentence report (PSR) indicated a total offense level of 39, including a four-level leadership role enhancement pursuant to U.S.S.G. § 3B1.1(a). Fennell objected to the enhancement, but the district court[1] overruled his objection and calculated a Guidelines range of 324–405 months' imprisonment. Upon consideration, the court varied downward, imposing two 280-month sentences for the conspiracy and possession charges and one 120-month sentence for the felon-in-possession charge, to be served concurrently. On appeal, Fennell objects to the district court's inclusion of the leadership role enhancement and argues the court imposed a substantively unreasonable sentence. We disagree and affirm.

"We review a district court's factual findings supporting a leadership enhancement for clear error and its legal conclusions de novo. The government must prove a leadership enhancement is warranted by a preponderance of the evidence." *United States v. Adetiloye*, 716 F.3d 1030, 1037 (8th Cir. 2013) (internal citation omitted).

> In determining whether the Government has met its burden, the district court may accept any undisputed portion of the PSR as a finding of fact. Unless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes.

*United States v. Razo-Guerra*, 534 F.3d 970, 975 (8th Cir. 2008) (cleaned up).

Section 3B1.1(a) calls for a four-level increase to a defendant's offense level "[i]f the defendant was an organizer or leader of a criminal activity that involved five

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). In determining whether a defendant qualifies for the enhancement, a district court should consider the defendant's

> exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, cmt. n.4. A district court need not "expressly discuss every factor listed in the application notes to § 3B1.1." *United States v. Allen*, 641 F. App'x 675, 677 (8th Cir. 2016) (per curiam).

"We interpret the terms 'organizer' and 'leader' broadly. For a defendant to be an organizer or leader, he need only direct one other participant." *Adetiloye*, 716 F.3d at 1037 (internal citation omitted). "If a defendant assumed organizing or leadership functions, such as recruiting others to join the criminal activity, a four-level enhancement is justified." *United States v. Garcia*, 512 F.3d 1004, 1005 (8th Cir. 2008).

Fennell concedes that he conspired to distribute methamphetamine and that the conspiracy involved five or more participants. But, Fennell objects to the court's finding that he was the conspiracy's "leader," claiming that "[a]ll members of the conspiracy were free to do whatever they wanted to do in the management of their own individual controlled substance retail businesses." Appellant's Br. at 9. Fennell further claims that the district court developed an insufficient record to conclude he was a leader in the conspiracy. Fennell is incorrect on both points. The record does not support Fennell's claim that his associates acted independently. The record does,

however, show the district court had a sufficient factual record and adequately addressed the leadership issue in its sentencing analysis.

At sentencing, the district court stated that it had reviewed the PSR, and it heard argument from both sides on the leadership issue. It also specifically asked Fennell about certain aspects of his relationship with his coconspirators. We have previously affirmed the imposition of the leadership role enhancement where the defendant recruited associates, *Garcia*, 512 F.3d at 1006; directed another individual to transfer money and "receive and hold mail" on his behalf, *Adetiloye*, 716 F.3d at 1037; instructed coconspirators on how to process drug proceeds, *United States v. Lopez*, 328 F. App'x 352, 354 (8th Cir. 2009) (per curiam); and supplied "dealer-quantities" of drugs to others, *Razo-Guerra*, 534 F.3d at 976. These facts are all present in this case.

The PSR contained multiple uncontested allegations supporting Fennell as a conspiracy leader. Fennell sold drugs to individuals who would then resell those drugs to others. After Fennell was assaulted and robbed, three men came from California to assist Fennell with his operation, and Fennell provided them with firearms. Fennell instructed certain coconspirators to deposit and transfer drug proceeds on his behalf. And, Fennell once instructed a coconspirator to write "return to sender" on a drug delivery and then requested that the individual dispose of evidence associated with that package. Additionally, following his arrest, Fennell instructed another coconspirator to remove evidence from both her residence and his residence. Fennell did not object to these PSR allegations. Consequently, the court could "accept [them] as true for sentencing purposes." *United States v. Moser*, 168 F.3d 1130, 1132 (8th Cir. 1999).

At sentencing, Fennell also conceded that he had directed that drugs be mailed to different women's addresses for him to retrieve. Fennell, though, claimed the women had "volunteered" to receive his packages. Sentencing Tr. at 5, *United States*

-4-

*v. Fennell*, No. 2:15-cr-04067-SRB-1 (W.D. Mo. Apr. 16, 2018), ECF. No. 525. On this record, we conclude that the district court considered Fennell's decisionmaking authority, the nature of his participation, as well as his recruitment and organizing activities. The district court did not err in finding that Fennell's sentence should be enhanced because of his role as a leader of the conspiracy.

Fennell's claim that the district court imposed a substantively unreasonable sentence also lacks merit. "We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard . . . ." *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009). Fennell argues that the Guidelines recommend disproportionately high sentences for methamphetamine distribution as compared to the distribution of other dangerous drugs. The district court, in fact, agreed with Fennell, and this agreement underlay the court's substantial 44-month downward variance from the low-end Guidelines range of 324 months. As we have repeatedly noted, where a court varies downward, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." *Id.* The district court did not abuse its discretion.

The judgment of the district court is affirmed.

_____