# United States Court of Appeals
## For the Eighth Circuit
_____

No. 20-1572
_____

United States of America

*Plaintiff - Appellee*

v.

Jason Paul Rodriguez, also known as Chico

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Western
_____

Submitted: January 11, 2021
Filed: March 1, 2021
[Unpublished]
_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Jason Paul Rodriguez pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851. The district court[1] sentenced him to 360 months in prison. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

Rodriguez contests the application of a four-level sentencing enhancement under U.S.S.G. § 3B1.1 for being the organizer or leader of the drug conspiracy. This court reviews the district court's factual findings "regarding a defendant's role in a criminal activity for clear error." *United States v. Garcia*, 512 F.3d 1004, 1005 (8th Cir. 2008). This court reverses only if there is a "definite and firm conviction that a mistake has been made." *Id.*

Determining whether a defendant is a leader or organizer, this court considers: "decision making authority," participation in the offense, "recruitment of accomplices," percentage "of the fruits of the crime," "degree of participation in planning or organizing the offense," "the nature and scope of the illegal activity," and "the degree of control and authority exercised over others." *United States v. Rodriguez*, 484 F.3d 1006, 1015 (8th Cir. 2007), *quoting* U.S.S.G. § 3B1.1, cmt. n.4. "Typically, this four-level enhancement applies to a defendant who employs or otherwise arranges for intermediaries to sell his drugs." *United States v. Williams*, 605 F.3d 556, 571 (8th Cir. 2010) (cleaned up).

At sentencing, a special agent of the Iowa Division of Narcotics Enforcement testified that Rodriguez used about seven people to distribute meth to about 30 to 40 others, many who purchased it for resale. *See Garcia*, 512 F.3d at 1005 (affirming enhancement where, among other things, there was "no dispute that five or more people were involved in the conspiracy"). He helped "facilitate the distribution of drugs" by providing meth on credit. *See United States v. Thompson*, 210 F.3d 855, 861 (8th Cir. 2000) (affirming enhancement where, among other things, defendant "provided drugs to dealers on credit"). He was the sole link between his suppliers and distributors, keeping "close tabs on who his suppliers were" and not allowing "people [to] go around him." *See United States v. Johnson*, 619 F.3d 910, 921 (8th Cir. 2010) (affirming enhancement where, among other things, defendant "was a 'key link' between the drug suppliers" and a co-conspirator); *Williams*, 605 F.3d at 571 (affirming enhancement where, among other things, defendant "was the primary link in the acquisition and distribution of the illegal drugs"). Rodriguez exercised control over the storage and dissemination of the meth, keeping it at his home and

providing it to distributors in his bedroom.  He also directed at least one distributor to deliver drugs to a co-conspirator for resale on a weekly basis. *See Garcia*, 512 F.3d at 1005-06 (affirming enhancement where, among other things, defendant "directed others to package and deliver drugs").

The district court did not clearly err in finding Rodriguez an organizer or leader of the conspiracy.  It did not err in enhancing his sentence under U.S.S.G. § 3B1.1.

* * * * * * *

The judgment is affirmed.

_____